HALIW v CITY OF STERLING HEIGHTS (ON REMAND)

Docket No. 237269. Submitted February 18, 2005, at Lansing. Decided
    May 19, 2005, at 9:05 a.m.
        Valeria and Ilko Haliw brought an action in the Macomb Circuit
    Court against the city of Sterling Heights after Valeria Haliw
    slipped and fell on an icy sidewalk. The court denied the city's
    motion for summary disposition based on the natural accumula-
    tion doctrine. Both parties rejected a mediation (now called case
    evaluation) award in the plaintiffs' favor. The city appealed by
    leave granted the court's denial of summary disposition. The
    Court of Appeals, COLLINS, P.J., and SAWYER and CAVANAGH, JJ., in an
    unpublished opinion per curiam, issued October 5, 1999 (Docket
    No. 206886), affirmed. The Supreme Court granted leave to
    appeal, concluded that the plaintiffs' claim was barred, and
    remanded the case to the trial court for entry of an order granting
    the city summary disposition. 464 Mich 297 (2001). On remand,
    the city moved for entry of an order of summary disposition and
    requested mediation sanctions, including appellate attorney fees.
    The trial court, Edward A. Servitto, Jr., J., granted summary
    disposition and determined that appellate attorney fees were not
    available under MCR 2.403(O). The city filed a supplemental
    motion for case evaluation sanctions of $5,335 for trial court
    expenses, but the trial court awarded only $1,500, noting that the
    plaintiffs' claim had not been frivolous and the appellate ruling
    established legal precedent benefiting the city. The city appealed
    the denial of appellate attorney fees. The plaintiffs cross-appealed,
    arguing that the trial court should not have awarded any sanctions
    pursuant to the "interest of justice" exception in MCR
    2.403(O)(11). The Court of Appeals, MARKEY, P.J., and WHITE and
    ZAHRA, JJ., reversed and remanded, vacating the award of $1,500,
    having determined that appellate attorney fees necessarily in-
    curred in obtaining a favorable verdict after the rejection of a case
    evaluation award may be awarded as actual costs under MCR
    2.403(O)(1) and that the "interest of justice" exception in MCR
    2.403(O)(11) may apply when unusual circumstances exist and the
    trial court articulates its reasons for invoking the exception. 257
    Mich App 689 (2003). The Supreme Court granted leave to appeal,
    determined that appellate attorney fees and costs are not recover-

able as case evaluation sanctions under MCR 2.403(O), and remanded the case to the Court of Appeals to consider whether the trial court abused its discretion by failing to invoke the interest of justice exception under MCR 2.403(O)(11). 471 Mich 700 (2005).

The Court of Appeals *held*:

The trial court did not abuse its discretion in not invoking the "interest of justice" exception to deny the defendant's request for actual costs in its entirety. Where there is a public interest in having an issue judicially decided rather than merely settled by the parties, the public interest may override the purpose in MCR 2.403 of encouraging settlement. If the trial court finds that unusual circumstances exist, it may invoke the "interest of justice" exception in MCR 2.403(O)(11), in full or in part. That the rejection of the case evaluation award was reasonable is not an unusual circumstance that would warrant the invocation of the "interest of justice" exception. Similarly, that both parties rejected the case evaluation and that the award of sanctions may have a chilling effect on protracted litigation are not unusual circumstances.

Affirmed.

COSTS — CASE EVALUATION SANCTIONS — INTEREST OF JUSTICE EXCEPTION.

A trial court may, in the interest of justice, refuse to award a prevailing party its actual costs as sanctions for the other party's rejection of a case evaluation if the "verdict" is a judgment entered as a result of a ruling on a motion after rejection of the case evaluation and if unusual circumstances are present in the case; that the rejection of the case evaluation award was reasonable, that both parties rejected the case evaluation, and that the award of sanctions may have a chilling effect on protracted litigation are not unusual circumstances that would warrant the invocation of the "interest of justice" exception (MCR 2.403[O][11]).

*Haliw Siciliano and Mychalowych, PLC* (by *Raymond L. Feul*), for the plaintiffs.

*O'Reilly, Rancilio, Nitz, Andrews, Turnbull & Scott, P.C.* (by *Bert T. Ross*), for the defendant.

ON REMAND

Before: MARKEY, P.J., and WHITE and ZAHRA, JJ.

PER CURIAM. This case is before this Court again on remand by our Supreme Court to consider plaintiffs' cross-appeal on an issue not reached in our prior opinion, and determine whether the trial court abused its discretion by failing to invoke the "interest of justice" exception under MCR 2.403(O)(11). *Haliw v Sterling Hts*, 471 Mich 700, 702, 711; 691 NW2d 753 (2005). We are unable to find that the trial court abused its discretion, and, therefore, we affirm.

In *Haliw v Sterling Hts*, 257 Mich App 689; 669 NW2d 563 (2003), this Court concluded that MCR 2.403(O) permits an award of reasonable appellate attorney fees as "actual costs" necessary to obtain a favorable verdict after rejection of a case evaluation. In reversing, our Supreme Court found that appellate attorney fees are not within the ambit of MCR 2.403(O) because Michigan follows the "American rule" under which "attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award" and "MCR 2.403(O) is trial-oriented." 471 Mich at 706-707.

This case has a lengthy history that we do not repeat here. See *id.* at 702-704. The present issue arises out of the trial court granting defendant summary disposition and its ruling on defendant's motions for case evaluation sanctions. In our prior opinion we summarized the MCR 2.403(O) proceedings in the trial court:

> Defendant requested $31,618 in case evaluation sanctions which included its appellate attorney fees. The trial court entered an order granting defendant summary disposition but agreed with plaintiffs that MCR 2.403(O) did not provide for payment of defendant's appellate attorney fees. Because the trial court could not segregate defendant's trial court costs and attorney fees from its appellate costs and attorney fees, the trial court requested that

> defendant do so and resubmit a bill of costs. Thereafter, defendant presented a supplemental motion for [case evaluation] sanctions in the amount of $5,335 for its trial court expenses. At the hearing on defendant's supplemental motion, the trial court recognized it had the discretion to not award costs or attorney fees, but noted that there were two sides to the case and that defendant had incurred expenses. The trial court further reasoned that because plaintiffs' claim was not frivolous and because the appellate ruling established legal precedent benefiting defendant, it would award defendant only $1,500 in case evaluation sanctions. [257 Mich App at 693.]

Plaintiffs argue that under the facts and circumstances of this case, the trial court erred by not invoking the "interests of justice" exception under MCR 2.403(O)(11) to decline to award any case evaluation sanctions. We disagree.

Subsection 11 is an exception to the mandatory rule set forth in MCR 2.403(O)(1) that a party who rejects a case evaluation "must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation." Subsection 11 provides: "If the 'verdict' is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs." MCR 2.403(O)(11). In this case, subsection 11 confers discretion on the trial court to "refuse to award actual costs" because the "verdict" was entered "as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). But to invoke the exception the trial court must find it is "in the interest of justice" to do so. Because the court rules do not define the term "interest of justice," we "look to the language and purpose of the rule" for assistance in determining its meaning. *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996). We repeat our prior analysis:

The *Luidens* panel addressed the meaning of the term "interest of justice" found in MCR 2.405(D)(3), which creates an exception to the imposition of sanctions for rejecting an offer of judgment. *Id.* We find *Luidens* instructive because both MCR 2.403(O), imposing costs for rejecting a case evaluation, and MCR 2.405(D), imposing costs for rejecting an offer of judgment, serve identical purposes of deterring protracted litigation and encouraging settlement. *Dessart* [*v Burak*, 252 Mich App 490, 498; 652 NW2d 669 (2002)]; *Luidens, supra* at 31. The two rules are not identical, however. MCR 2.405(D)(3) gives trial courts the discretion, in all cases where an offer of judgment has been rejected, to decline to impose attorney fees in the "interest of justice." On the other hand, MCR 2.403(O)(11) applies only to verdicts rendered as a result of a motion but grants the trial court discretion to refuse to award "actual costs," which include both court costs and reasonable attorney fees. The term "interest of justice" in MCR 2.403(O)(11) must not be too broadly applied so as to swallow the general rule of subsection 1 and must not be too narrowly construed so as to abrogate the exception. *Luidens, supra* at 33. This Court further held that factors normally present in litigation, such as a refusal to settle being viewed as "reasonable," or that the rejecting party's claims are "not frivolous," or that disparity of economic status exists between the parties, are insufficient "without more" to justify not imposing sanctions in the "interest of justice." *Id.* at 33-34, 37. Rather, the unusual circumstances necessary to invoke the "interest of justice" exception may occur where a legal issue of first impression is presented, *id.* at 35, or

" 'where the law is unsettled and substantial damages are at issue, where a party is indigent and an issue merits decision by a trier of fact, or where the effect on third persons may be significant . . . .' " [*Id.* at 36, quoting Judge HARRISON in *Nostrant v Chez Ami, Inc,* 207 Mich App 334, (343); 525 NW2d 470 (1994).]

The *Luidens* panel further opined:

"The common thread in these examples is that there is a public interest in having an issue judicially decided rather than merely settled by the parties. In such cases, this public interest may override MCR 2.405's purpose of encouraging settlement. These examples involve unusual circumstances under which the 'interest of justice' might justify an exception to the general rule that attorney fees are to be awarded. We recognize, of course, that the factors suggested here as relevant to the 'interest of justice' exception are not exclusive. We offer them only as examples. Other circumstances, including misconduct on the part of the prevailing party, may also trigger this exception." [*Id.* at 36.]

In *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461; 624 NW2d 427 (2000), this Court followed the "unusual circumstance" interpretation of the phrase "interest of justice," as found in MCR 2.405(D)(3). Indeed, the *Stitt* panel determined that the trial court had abused its discretion by not invoking the exception. Specifically, this Court concluded that the combination of two "unusual circumstances," the unsettled nature of the law and the "gamesmanship" evidenced by the large disparity between the rejected mediation evaluation and the defendant's offer of judgment, compelled invocation of the 'interest of justice' exception to awarding attorney fees. *Id.* at 471-476.

\* \* \*

In sum, we conclude that if the trial court finds on the basis of all the facts and circumstances of a particular case and viewed in light of the purposes of MCR 2.403(O) that unusual circumstances exist, it may invoke the "interest of justice" exception found in MCR 2.403(O)(11). It follows that if the exception applies, the trial court may, in the exercise of its discretion, refuse to award any costs or attorney fees, or may award something less than "actual costs," i.e., something less than taxable costs and reasonable attorney fees. The trial court must, however, articulate the bases for its decision. *Luidens, supra* at 32, citing

*Hamilton v Becker Orthopedic Appliance Co,* 214 Mich App
593, 596-597; 543 NW2d 60 (1995). [*Haliw, supra,* 257
Mich App at 706-709.]

In reviewing the trial court's decision regarding case
evaluation sanctions for an abuse of discretion under
the standard discussed here, we do not find the circum-
stances of this case to be so unusual as to compel our
concluding that the trial court abused its discretion by
failing to invoke the "interest of justice" exception to
deny defendant's request for "actual costs" in its en-
tirety.

We observe that no excessive financial hardship was
imposed on plaintiffs. Defendant was awarded only
$1,500 of its trial costs and fees. This is a small sanction
in light of the $5,335 in trial costs and fees recognized
by the trial court. Plaintiffs argue that their rejection of
the case evaluation award was reasonable under the
circumstances, but this Court has rejected a contention
of "reasonable under the circumstances" as an argu-
ment sufficiently compelling to invoke the "interest of
justice" exception. *Gudewicz v Matt's Catering Inc,* 188
Mich App 639, 644-646; 470 NW2d 654 (1991). Further,
this Court has rejected plaintiffs' additional argument
that sanctions are improper because defendant also
rejected the case evaluation. "Actual costs, including
attorney fees, are awardable when both parties reject
the award as well as when only one does." *Zalut v
Andersen & Associates,* Inc, 186 Mich App 229, 232-234;
463 NW2d 236 (1990). Given the development of the
law in the area of premises liability, plaintiffs should
have been aware that any ruling in their favor had the
potential to be reversed on appeal. They were required
to make their litigation decisions with that knowledge.
The fact that sanctions may have a chilling effect on
future litigation is not an unusual circumstance. In-

deed, an award of costs is intended to have some chilling effect in order to encourage settlement and to deter protracted litigation. *Luidens, supra* at 31. Accordingly, we find no abuse by the trial court of its discretion.

We affirm.