# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY ZUMBACH, MEGAN ZUMBACH, MICHAEL ZUBRZYCKI, ELIZABETH ZUBRZYCKI, RANDALL YKEMA, SARAH YKEMA, JADE UPCHURCH, CATHIE MCINTYRE, JEFFREY GROSS, AMY GROSS, BRIAN D. ETTER, TERRI ETTER, GEOFFREY BURT, and CHERYL BURT,

       Plaintiffs-Appellants,

and

TIMOTHY UPCHURCH,

       Plaintiff,

v

DETROIT EDISON COMPANY,

       Defendant-Appellee.

UNPUBLISHED
November 13, 2014

No. 316863
Oakland Circuit Court
LC No. 2009-104350-CE

JEFFREY ZUMBACH, MEGHAN ZUMBACH, MICHAEL ZUBRZYCKI, ELIZABETH ZUBRZYCKI, RANDALL YKEMA, SARAH YKEMA, TIMOTHY UPCHURCH, JADE UPCHURCH, CATHIE MCINTYRE, JEFFREY GROSS, AMY GROSS, BRIAN D. ETTER, TERRI ETTER, GEOFFREY BURT, and CHERYL BURT,

       Plaintiffs-Appellees,

v

DETROIT EDISON COMPANY,

       Defendant-Appellant.

No. 317928
Oakland Circuit Court
LC No. 2009-104350-CE

-1-

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

In Docket No. 316863, plaintiffs-appellants appeal as of right the order granting summary disposition pursuant to MCR 2.116(C)(10) in this action alleging that defendant's activities at its Pontiac Service Center constituted a private nuisance. In Docket No. 317928, defendant appeals as of right the order denying its motion for case evaluation sanctions. We affirm in Docket No. 316863, and we reverse and remand in Docket No. 317928.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs are, or were, the owners of eight houses in the city of Sylvan Lake or Bloomfield Township who, since 1998 or later, began living in a residential neighborhood next to the industrial zone where defendant operates its Pontiac Service Center. The service center straddles the boundary line between Sylvan Lake and Bloomfield Township and parts of the service center lie in each municipality. Plaintiffs filed this lawsuit alleging that the noises, fumes, and lights from the service center invade and disturb the peace and quiet enjoyment of their homes and violate common law and township ordinances. They brought claims alleging nuisance[1] and negligent nuisance[2] and sought both equitable relief and damages. They alleged that their damages consisted of loss of the normal use and enjoyment of their homes; impairment of their health; annoyance, inconvenience and discomfort, including mental stress and anguish; damage to real and personal property and the expenses of attempts to mitigate such damages; and diminution in the value of their properties, real and personal. They sought money damages in excess of $25,000 for each plaintiff, abatement of the nuisance, and interest, costs, and attorney fees.

After answering the complaint, defendant moved for summary disposition pursuant to MCR 2.116(C)(10) and for a declaratory judgment. First, defendant asserted that it was entitled to summary disposition because it was not in violation of any Bloomfield Township ordinance or law alleged by plaintiffs, because all of the plaintiffs admitted that they experienced no real or personal property damage, and 12 of the 13 plaintiffs admitted that they incurred no mitigation expenses, and because plaintiffs had no evidence that defendant's activities caused a diminution in the value of their real properties. Second, defendant asserted that it was entitled to summary disposition of plaintiffs' nuisance claims because plaintiffs could not show the required

---

[1] Plaintiffs alleged that "These conditions at defendants' premises have been and continue to be so noxious, offensive and hazardous that they have and continue to constitute a nuisance to the plaintiffs."

[2] Plaintiffs alleged that "Plaintiffs have property rights and privileges with respect to the use and enjoyment of their lands." "The invasion complained of results in significant harm." "The defendant's conduct is a legal cause of the invasion." "The invasion is either (i) intentional and unreasonable or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct."

"significant harm." Third, defendant asserted that plaintiffs could not show that defendant's conduct was either intentional or unreasonable, or that it was negligent. It also asserted that it, through voluntary cooperative action, had already resolved significant aspects of plaintiffs' complaints and that it had worked cooperatively with Bloomfield Township and the city of Sylvan Lake to resolve concerns.

Following a hearing on the motion, the trial court granted summary disposition in favor of defendant. The court stated in a written opinion:

> The Court finds that summary disposition is appropriate. Plaintiffs have failed to establish the "significant harm" element of their private nuisance claims. The evidence shows that the noise complained of is either temporary and evanescent or appropriate in time of day and duration. Plaintiffs cannot show that the daily noises from loading vehicles or work trucks running in the morning or returning to the yard at the end of the day ever reach levels that are so inconsistent with their neighborhood as to rise to the level of nuisance. There is no evidence that the loud booming noises last for more than a few seconds, occur more than once a month or exceed the limit of short term noise under the Ordinance. In addition, there is no evidence that fumes from Defendant's vehicles violate any air quality standard or unreasonably interfere with the use of Plaintiff's properties. There is no admissible evidence that Defendant's activities have caused a diminution in the value of Plaintiff's properties. Plaintiffs have not shown that Defendant acted with the intent of interfering with the use and enjoyment of their land. Finally, the Court finds that there is no evidence that Defendant's conduct was either, intentional and unreasonable, or that it was negligent. The evidence shows that Defendant's industrial activities are conducted as permitted in the Bloomfield Township zoning district for ML and do not violate the noise ordinance. Therefore, the activities cannot be considered unreasonable in light of a public policy assessment of its overall value and Defendant's priority in time. The Court notes that during the pendency of this lawsuit, Defendant has voluntarily resolved several of the concerns expressed by Plaintiffs and would encourage the parties to continue to work cooperatively to address any remaining issues.

## II.  DOCKET NO. 316863

Plaintiffs argue that that the court committed palpable error by applying an incorrect test of liability with respect to defendant's conduct. We review de novo a trial court's grant of summary disposition under MCR 2.116(C)(10). *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). In reviewing a grant of summary disposition under MCR 2.116(C)(10), this Court considers the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Sallie v Fifth Third Bank*, 297 Mich App 115, 117–118; 824 NW2d 238 (2012). This Court is "limited to considering the evidence submitted to the trial court before its decision on the motions." *Calhoun Co v Blue Cross Blue Shield of Mich*, 297 Mich App 1, 12; 824 NW2d 202 (2012). Summary disposition is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10); *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

The trial court found that there was no evidence that defendant's "conduct was either intentional and unreasonable or that it was negligent" and that "the activities cannot be considered unreasonable." Plaintiffs maintain that the "test in a nuisance case is not whether the defendant's <u>conduct</u> was unreasonable, but whether the degree of <u>interference</u> with the plaintiffs was unreasonable." Plaintiffs maintain that the Supreme Court's definition of nuisance set forth in *Adkins v Thomas Solvent Co*, 440 Mich 293; 487 NW2d 715 (1992), is erroneous and is dicta. We disagree.

By definition, a private nuisance refers to "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Adkins*, 440 Mich at 302. In other words, "the gist of a private nuisance action is an interference with the occupation or use of land or an interference with servitudes relating to land." *Id*. at 303. An actor is liable for private nuisance involving a nontrespassory invasion of another's interest in the private use and enjoyment of land if:

> (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. *[Adkins*, 440 Mich at 304.]

This is precisely the standard that the trial court applied. Although plaintiffs assert that this is not the proper standard, a review of plaintiffs' first amended complaint reveals that plaintiffs alleged that defendant committed an invasion that was either (1) intentional and unreasonable or (2) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. The trial court found that defendant's activities, which resulted in the alleged invasions, did not result in significant harm. The trial court additionally found that the activities, which resulted in the alleged invasions, were neither intentional and unreasonable, nor unintentional and otherwise negligent. Although the trial court used the term "activities," the court's reference to noise and fumes (the alleged invasions resulting from the activities) clearly shows that the trial court was referring to the invasion and not the activity causing the invasion. Thus, plaintiffs' argument that the trial court applied an incorrect legal standard is misplaced.

Plaintiffs contend in the alternative that, if *Adkins* provides the appropriate standard, "there is evidence from which a trier of fact must infer intent." However, plaintiffs offer no argument or analysis in support of this contention. Their sole statement with regard to this contention is that "The undisputed evidence of record is that in 2006 the defendant expanded the activities at its Bloomfield/Sylvan Lake facility by relocating operations there." This argument is considered abandoned. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008). Additionally, the statement is not supported by the record. Plaintiffs presented no evidence, other than their own assertions, that the service center was expanded in 2006. Defendant, however, presented the affidavits of Michael J. Criss and Nick Pfeffer. Criss has been employed by defendant for 35 years. He was the manager of the Pontiac Service Center from the first quarter of 2004 through the third quarter of 2005. He averred that the operations of the Pontiac Service Center were conducted on a 24-hour, 7-day-per-week basis as needed, and that the operations at the service center have always been conducted on a 24-hour, 7-day-per-week basis

as needed. He averred that "Prior to November 2006, the operations at the Pontiac Service Center to restore electricity necessarily involved the utilization of journeymen and apprentice linemen, diesel trucks and equipment to restore electricity at locations within the Service Center territory in the same way as utilized after November 2006 at the Pontiac Service Center." Pfeffer averred that he was the Manager of the Northwest Region of Service Operations headquartered at the Pontiac Service Center from July 2006 to January 2011. He averred that the operations at the Pontiac Service center "were conducted on a 24-hour, 7-day-per-week basis as needed since electricity is a 24-hour business, and everyone wants their power restored as fast as possible." He further averred that "operations at the Pontiac Service Center have always been conducted on a 24-hour, 7-day-per-week basis as needed for the same reasons. . . ."

Plaintiffs also challenge the trial court's finding that plaintiffs failed to present evidence to establish the elements of their cause of action. This issue was not identified in plaintiffs' statement of questions presented.[3] Issues must be raised in petitioner's statement of questions presented in order to be properly presented for this Court's review. MCR 7.215(C)(5); see *Ypsilanti Fire Marshal v Kircher (On Reconsideration)*, 273 Mich App 496, 553; 730 NW2d 481 (2007). Additionally, plaintiffs' challenge is premised upon the common-law standard of nuisance, not the standard announced in *Adkins*.

Although plaintiffs' next argument is difficult to discern, it appears that they are arguing that the trial court erred by granting summary disposition in favor of defendant because plaintiffs presented "deposition summaries" and "a plethora of testimony collected in the Statement of Facts" to support their claims at trial. At the motion hearing, plaintiffs similarly argued that, under the common law, the issue was whether there was enough noise to cause an interruption in the sleep and normal household living, use, and enjoyment of the properties, and that "that's going to depend on the plaintiffs' own testimony. It's going to depend on the testimony of lay witnesses." Again, however, plaintiffs' argument is based on their misplaced assertion that the standard set forth in *Adkins* is erroneous. Plaintiffs presented their own unsubstantiated allegations and presented no testimony or affidavits in support of their allegations in response to defendant's motion for summary disposition. Their purported noise expert, Eric W. Zwerling,[4] merely instructed plaintiff Zubrzycki over the telephone how to use a device to measure sound, and it was Zubrzycki who took the measurements.

Plaintiffs have not demonstrated that the trial court ignored admissible evidence and improperly weighed other evidence. Once defendant presented documentary evidence to support its position that it did not violate any noise ordinances and that there was no diminution in property values in regard to its motion for summary disposition, plaintiffs did not submit any documentary evidence in their response to defendant's motion as required by MCR 2.116(G)(4).

---

[3] Rather, plaintiffs presented the issue of whether the trial court applied the correct legal standard.

[4] Zwerling testified in his deposition that he took a 3-day community noise enforcement certification course in New Jersey on three occasions. He testified that he is not a professional engineer, and that he is not certified as an acoustical or noise engineer.

Rather, they simply quoted answers, not in context and without including the questions that were asked, from plaintiffs' deposition testimony. Plaintiffs' argument is without merit.

### III. DOCKET NO. 317928

Defendant argues that the trial court erred by denying its motion for case evaluation sanctions. We review de novo the circuit court's decision whether to award case evaluation sanctions under MCR 2.403(O).[5] *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). The circuit court's decision whether to apply the interest of justice exception of MCR 2.403(O)(11) is reviewed for an abuse of discretion. *Harbour v Correctional Med Services, Inc*, 266 Mich App 452, 465; 702 NW2d 671 (2005). This Court reviews de novo the interpretation and application of the court rules. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

The October 6, 2010, case evaluation in this case resulted in a unanimous evaluation totaling \$10,500.[6] All parties, with the exception of plaintiff Amy Gross, rejected the case evaluation before the November 3, 2010, deadline for responding to the award.[7] After the trial court granted summary disposition in favor of defendant on June 5, 2013, defendant moved on July 3, 2013, for case evaluation sanctions against plaintiffs. The motion sought \$380,648 in attorney fees and approximately \$49,000 in taxable costs.

On July 12, 2013, plaintiffs answered the motion. They asserted that defendant's motion was untimely because the court's February 24, 2011, opinion and order[8] disposed of the last

---

[5] This appeal concerns only the decision *whether* to award case evaluation sanctions.

[6] \$1,500 for each of seven households, and zero for plaintiff Upchurch.

[7] Defendant did not seek case evaluation sanctions against Amy Gross.

[8] Apparently, in February 2011, defendant moved to dismiss on the ground that the court did not have jurisdiction over this matter and that jurisdiction rested with the Public Service Commission. The trial court granted the motion, deferring to the PSC under the "Doctrine of Primary Jurisdiction." The circuit court action was dismissed without prejudice so that the claims could be submitted to the PSC. The trial court denied plaintiffs' motion for reconsideration. On August 18, 2011, plaintiffs petitioned the PSC for an administrative hearing and to grant them equitable relief. The following day, the PSC rejected their claim, stating that it had no jurisdiction over the facts alleged and relief requested. On October 18, 2012, plaintiffs filed a motion in the circuit court to reinstate the case. According to defendant, counsel for plaintiff and defendant stipulated to have the matter reinstated "so there was not a – a new lawsuit filed, it's the same lawsuit, and based upon the case law the – the previous orders entered in this case including the prior grant of summary disposition on the issue of primary jurisdiction was incorporated into the February 24[th] – I'm sorry it was incorporated into the order reinstating this case which occurred on October 28, 2012." "There had not been a final judgment for purposes of the case evaluation rule until this Court's order granting summary disposition on June 5, 2013, um – that is clear from the Michigan Supreme Court that has stated that for purposes awarding sanctions under MCR 2.403(O) a verdict must represent a finding of the amount the prevailing party should be awarded. . . . Here there never was any determination

-6-

pending claim and closed the case and, therefore, that order controlled the motion for case evaluation sanctions. They also asserted that they were primarily seeking equitable relief and that "equitable relief is beyond the powers of the case evaluators to recommend."

Following a hearing on the motion on July 24, 2013, the trial court denied defendant's motion for case evaluation sanctions. The court noted that several of the concerns expressed by plaintiffs had been addressed by defendant and that therefore there was no "clear prevailing or losing party in this lawsuit." The court also found that because the equitable relief sought was "for the benefit of the entire neighborhood . . . even those that were nonparties to this lawsuit," that the interest of justice exception in MCR 2.403(O) warranted the denial of case evaluation sanctions.[9]

Michigan follows the American rule regarding payment of attorney fees and costs, meaning that attorney fees are not recoverable from the losing party as costs except in those instances where they are expressly authorized by statute or court rule. *Haliw v Sterling Hts*, 471 Mich 700, 707; 691 NW2d 753 (2005); MCL 600.2405(6). Case evaluation sanctions are expressly provided for in MCR 2.403(O)(1), which states that:

> If a party has rejected [a case] evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

The term "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). In this case it is undisputed that the plaintiffs, with the exception of Amy Gross, rejected the case evaluation. Defendant also rejected the evaluation. Additionally, the action proceeded to a verdict (which was the result of a motion as provided by subrule (O)(2)(c)), and the verdict was more favorable to defendant than the case evaluation.

The use of the word "must" indicates that the imposition of case evaluation sanctions is mandatory in unanimous evaluation awards. *Allard v State Farm Ins Co*, 271 Mich App 394, 398–399; 722 NW2d 268 (2006). There are only three narrow exceptions to the mandatory imposition of case evaluation sanctions. Thus, the trial court's decision to *not* award case evaluation sanctions is very limited. As applicable to this case, "[i]f the 'verdict' is the result of

regarding Detroit – what Detroit Edison should be awarded, that is a no cause, until the – this Court's June 5, two-13 (sic) order. And the case file also provides it's the ultimate verdict that the parties are left with that should be measured against case evaluation to determine whether sanctions should be imposed on the rejecting party, in this case that would be the June 5, 2013, order."

[9] The court stated that "an award of costs against Plaintiffs would not be fair where the equitable relief sought was for the benefit of the entire neighborhood near the service center and all the neighbors, even those that were nonparties to this lawsuit, received relief ah – when Defendant made the changes."

a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs." MCR 2.403(O)(11). Analyzing MCR 2.403(O)(11), this Court has held: "The term 'interest of justice' ... must not be too broadly applied so as to swallow the general rule of subsection 1 and must not be too narrowly construed so as to abrogate the exception." *Haliw v City of Sterling Hts (On Remand)*, 266 Mich App 444, 448; 702 NW2d 637 (2005), citing *Luidens v 63rd Dist Court*, 219 Mich App 24, 33; 555 NW2d 709 (1996). The trial court is required to articulate the basis of its discretionary decision when it invokes the interest of justice provision to deny sanctions. *Haliw*, 266 Mich App at 449–450. The interest of justice provision should only be invoked in unusual circumstances, such as where there is (1) a legal issue of first impression, (2) unsettled law where substantial damages are at issue, (3) an indigent party and issue in a case that merits a decision by a trier of fact, (4) the prevailing party has engaged in misconduct, or (5) the effects on third parties may be significant. *Id*. at 448–449. "The common thread in these examples," *Luidens* instructs, "is a public interest in having an issue judicially decided rather than merely settled by the parties." *Id*. at 449, citing *Luidens*, 219 Mich App at 36. While the Court noted that this list of unusual circumstances was not exclusive, the Court also stated "that factors normally present in litigation, such as a refusal to settle being viewed as 'reasonable,' or that the rejecting party's claims are 'not frivolous,' ... are insufficient 'without more' to justify not imposing sanctions in the 'interest of justice.' " *Haliw*, 266 Mich App at 448, citing *Luidens*, 219 Mich App at 33–34, 36–37.

Here, the trial court denied the motion for case evaluation sanctions under the interest of justice exception. The court opined that the lawsuit sought equitable relief that had a significant effect on third parties who lived in proximity to the service center. The court also opined that plaintiffs had received much of the equitable relief requested in the form of accommodations made by defendant to decrease the noises and fumes emanating from the service center and, therefore, "there was no clear prevailing or losing party in this lawsuit." The court determined that these circumstances rendered it appropriate to deny case evaluation sanctions. We disagree.

None of the unusual circumstances articulated in *Haliw* and *Luidens* are present. The record reveals that approximately 178 citizens signed the "Petition to stop the expansion and unwanted noise and disturbances emanating from the DTE Pontiac Service Center at 1970 Orchard Lake Road" that was circulated by plaintiff Zubrzycki, but only 8 property owners opted to join in this lawsuit. Additionally, any accommodations made by defendants with regard to complaints regarding noise and fumes were voluntary, and despite those voluntary accommodations, plaintiffs proceeded with the lawsuit.[10] Neither of these factors warrants imposition of the narrow interest of justice exception, and the trial court abused its discretion by applying the exception. Under the test set forth in MCR 2.403(O)(1), the verdict was more favorable to defendant.[11] Consequently, an award of case evaluation sanctions is mandatory.

---

[10] In its answer to plaintiffs amended complaint, defendant states that "All reasonably possible steps were taken to minimize the impact of any noise, emissions, or light."

*Allard*, 271 Mich App at 398–399.  Accordingly, we reverse the order denying defendant's motion for case evaluation sanctions and remand to the trial court for a determination of the amount of case evaluation sanctions.

We affirm in Docket No. 316863.  We reverse and remand for a determination of the amount of case evaluation sanctions in Docket No. 317928.  Jurisdiction is not retained.

/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens

---

[11] We reject the trial court's finding that there was no clear prevailing party in this case as a result of defendant's voluntary accommodations to address plaintiffs' complaints.  The factors that are relevant to the determination of a "prevailing party" are the case evaluation and the verdict.  See MCR 2.403(O)(1)