# STATE OF MICHIGAN

# COURT OF APPEALS

TEREES WILLIAMS,

Plaintiff-Appellant,

v

JERVISS-FETHKE INSURANCE AGENCY,

Defendant-Appellee.

UNPUBLISHED
January 25, 2018

No. 335372
Muskegon Circuit Court
LC No. 13-49185-CK

Before: MARKEY, P.J., and HOEKSTRA and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff, proceeding *in propria persona*, appeals by right the trial court's denial of her motion for reconsideration and entry of an order of garnishment in the amount of $200.00 a paycheck, a reduction from a prior amount. We affirm.

This matter arises out of a claim made to Auto-Owners Insurance, on a policy plaintiff obtained through defendant, for damage to plaintiff's rental property resulting from a gas explosion. The claim was denied because the explosion did not originate from her property, so defendant was granted summary disposition. The ensuing judgment was appealed to this Court in Docket No. 323434 and ultimately affirmed. As discussed in the first appeal:

> Plaintiff's rental property was destroyed by a gas explosion that originated at a neighboring house. Plaintiff submitted a claim to her insurer, Auto-Owners Insurance Company ("Auto-Owners"). Auto-Owners denied the claim on the grounds that the policy did not cover losses arising from explosions originating outside the property. [ . . . ] Plaintiff then filed this action *in propria persona* against Auto-Owners and defendant insurance agency. *Williams v Jerviss-Fethke Ins Co*, unpublished opinion per curiam of the Court of Appeals, decided September 29, 2015 (Docket No. 323434), recon den Nov 10, 2015, lv den 499 Mich 968 (2016), recon den 500 Mich 884 (2016), slip op at p 1.

In relevant part, this Court explained that plaintiff had sought insurance coverage from defendant, and an agent of defendant procured the policy from Auto-Owners. The trial court granted a directed verdict in favor of defendant, which this Court affirmed, because the policy did not cover the loss and it would not have even been possible to obtain an insurance policy that would have covered the loss. *Id*. at pp 2-3, 6-7.

During the pendency of that appeal, the trial court granted case evaluation sanctions in favor of defendant in the amount of $14,041.70. Plaintiff requested that the trial court stay enforcement of the judgment until the conclusion of her pending appeal, which the trial court granted conditional upon plaintiff posting a $1,000.00 bond within fourteen days of the entry of the order. Plaintiff moved for reconsideration, which the trial court denied, observing, among other things, that the testimony presented cast doubt on plaintiff's inability to post the bond:

> Williams's motion for reconsideration includes exhibits demonstrating her receipt of $420/month Family Independence Program benefits in August, September, October, and November 2014. Yet, Williams's testimony also called into question her **in**ability to post bond. For example, Williams earns wages from the city of Muskegon exceeding $17/hour. Williams owns three occupied rental properties. Williams's husband also has a job. In this case, a $1,000 bond is reasonable to protect Jerviss-Fethke's interests while balancing Williams's financial limitations. (emphasis in original)

Plaintiff did not post the bond, but rather filed a motion to stay enforcement of the case evaluation award with this Court in the pending appeal above; this Court denied that motion. She then filed a delayed application for leave to appeal to this Court, seeking relief from the bond requirement, which this Court denied. *Williams v Jerviss-Fethke Ins Agency*, unpublished order of the Court of Appeals, entered July 7, 2015 (Docket No. 326913), recon den August 5, 2015.

The lower court record is inexplicably missing original copies of anything filed between May 6, 2015, and April 13, 2016, insofar as we can determine. Apparently, another judge sitting in for the trial judge improperly entered an order on September 21, 2015, granting a motion from plaintiff for installment payments, and the trial judge, upon discovery of the error, vacated that order on October 2, 2015. There appears to be no dispute that these events occurred, because they are memorialized in an opinion and order entered by the trial court attached to both defendant's brief in this appeal, and another claimed appeal that plaintiff filed in this Court on November 24, 2015, in Docket No. 330378. In a nutshell, the trial court observed that "staff [had] erroneously presented a blank order to [the other judge] while this judge was away" and "[a]fter he signed it, plaintiff inserted the amounts into the blanks on the form." The trial court also observed that plaintiff appeared to have intentionally divested herself of assets, "it is difficult for the court to believe anything plaintiff says," and her repeated motions were becoming frivolous. The trial court had already affirmed that a May 26, 2015 writ of garnishment was still in effect.

As noted, plaintiff then filed another claim of appeal in this Court and a motion for peremptory reversal. This Court denied the latter. *Williams v Jerviss-Fethke Ins Agency*, unpublished order of the Court of Appeals, entered December 3, 2015 (Docket No. 330375). This Court subsequently affirmed the trial court in an opinion with a fuller history of the case evaluation sanctions up to that point. *Williams v Jerviss-Fethke Ins Agency*, unpublished opinion per curiam of the Court of Appeals, decided February 23, 2017 (Docket No. 330378). This Court then denied reconsideration and imposed an award of damages in favor of defendant for defending "this vexatious motion for reconsideration." *Williams v Jerviss-Fethke Ins Agency*, unpublished order of the Court of Appeals, entered April 5, 2017 (Docket No. 330378). Plaintiff

applied for leave to appeal to our Supreme Court, and as of the date of this opinion, that appeal remains pending in Supreme Court Docket No. 155783.

Meanwhile, on July 25, 2016, defendant filed writ of garnishment for the outstanding balance of $11,185.20. Plaintiff filed an objection to garnishment, asserting that "the funds or property are exempt (protected) from garnishment by law" and "the writ was not properly issued or is otherwise invalid because there is an active case pending in the MI COA regarding this garnishment/installment case #330378." Plaintiff also filed another motion for installment payments. The trial court held a hearing, at which plaintiff expressly requested that whatever payment amounts the trial court ordered be deducted directly from her paychecks instead of requiring her to write checks. It was determined that plaintiff was under an existing obligation to pay approximately $285 a pay period; the trial court entered an order reducing that amount to $200 and requiring direct garnishment of plaintiff's paycheck, but denying plaintiff's request to reduce the amount to $50. The trial court entered a formal order to that effect, and after the trial court denied another motion for reconsideration, this appeal followed.

"The judge of any court having civil jurisdiction at the time of the rendition of a judgment, upon proper showing made by the defendant with both parties or their attorneys present in court, may make a written order permitting the defendant to pay the judgment in installments, at such times and in such amounts as in the opinion of the judge, the defendant is able to pay." MCL 600.6201(1). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Ronnisch Construction Group, Inc. v Lofts on the Nine, LLC*, 499 Mich 544, 552; 886 NW2d 113 (2016). "A trial court necessarily abuses its discretion when it makes an error of law." *Id.* Furthermore, a trial court's ruling on a motion for reconsideration is reviewed by this Court for an abuse of discretion. *Kokx v Byleng*a, 241 Mich App 655,658-659; 617 NW2d 368 (2000).

We first note that the nomenclature used by plaintiff is occasionally confusing, albeit undoubtedly unintentionally. It appears that by "installment payments," plaintiff in fact merely refers to the periodic paycheck deductions and the dollar amount of these deductions. As noted, plaintiff explicitly asked the trial court to deduct the payments from her paychecks in the form of garnishment instead of requiring her to make installment payments. Plaintiff appears to make no challenge to the methodology of her payments, but we note for the sake of completeness that she would not now be able to contend that it was error. See *Chapdelaine v Sochocki*, 247 Mich App 167, 177; 635 NW2d 339 (2001).

Furthermore, at issue in this appeal is *not* whether plaintiff owes an outstanding sum of money to defendant or the amount that is due. Rather, the issue is whether the dollar amount deducted from each paycheck was an abuse of discretion.

It is also worth noting that although in her request for relief, plaintiff asks this Court to stay enforcement of the garnishments pending the outcome of this, and presumably any other, appeal, plaintiff presents absolutely no *argument* in support of that request, and in fact does not even clearly appear to mention it in the body of her brief except in passing as something she asked the trial court to do. Even giving plaintiff some degree of deference as a litigant appearing *in propria persona*, a party may not simply make a request and expect this Court to rationalize a basis for granting it. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). In any

event, it would be an utterly meritless argument even if she had properly made it. Execution of a judgment is only automatically stayed during the period within which to file an appeal of right, and otherwise it is only stayed if a court orders it. MCR 7.209(E). There is no automatic right to such a stay being granted, and the courts may place preconditions on any such stay. The trial court offered plaintiff an opportunity for a stay, but plaintiff did not post the required bond. Any argument plaintiff may make to the effect that the trial court should have stayed execution of the garnishments is without merit.

Pursuant to MCL 600.6107(1), "the court may order the judgement debtor to pay to the judgment creditor or apply on the judgment, in installments, such portion of his income, however or whenever earned or acquired, as the court may deem proper, after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him, as well as any payments required to be made by the judgment debtor under any legal process." Plaintiff had already inundated the trial court with motions seeking an order for installment payments. The trial court patiently took additional argument that bordered on testimony from plaintiff at a hearing. It is not unreasonable for the trial court to have had doubts about plaintiff's credibility, and in any event, this Court defers to the trial court in making any such assessment. *McGonegal v McGonegal*, 46 Mich 66, 67; 8 NW 724 (1881). The trial court clearly considered plaintiff's income and needs as a parent, as well as her divestment of the properties and poor choices she had made in pursuing meritless appeals and motions—while nevertheless explicitly recognizing that she did have a right to do so. The trial court in fact reduced her payments by almost one-third. We appreciate defendant's disappointment and frustration, but we find neither an abuse of discretion nor punitive animus by the trial court.

Additionally, plaintiff points out that if she had accepted a settlement offer by defendant, she would not be punished with the instant garnishment. Apparently, she contends that defendant had offered to not pursue case evaluation sanctions if she declined to pursue an appeal. There is nothing even remotely untoward about this. It is routine for parties to decide that they would prefer to forfeit a right to avoid a hassle. A legal right to pursue an appeal is not a legal right to be immune to decisions other parties might make on the basis of having to defend against it. A party advances arguments devoid of any arguable legal merit at his or her own risk. Plaintiff simply confuses *consequences* with *punishment*. In any event, plaintiff is not at liberty to argue that she owes defendant nothing, and her decision to pursue frivolous pleadings has no bearing on her ability to bear the $200 per paycheck garnishments.

Plaintiff argues, however, that the trial court should have declared the judgment paid in full pursuant to the "interest of justice" exception to case evaluation sanctions in MCR 2.403(O)(11). Insofar as we can determine, plaintiff never asked the trial court to invoke the exception, so this argument is unpreserved for appeal. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). We note that plaintiff seemingly implies, if only vaguely, that the trial court should have invoked the exception *sua sponte*, and strictly speaking litigants are not required to take any special step to preserve an objection to an act taken by the trial court. MCR 2.517(7). Although we find this argument meritless, we nevertheless choose to afford plaintiff the courtesy of addressing the issue fully even though she is not entitled to such consideration. Plaintiff further claims that a signed document from her employer of income and monthly expenses listed were presented to the trial court, but were not correctly taken into account.

-4-

MCR 2.403(O)(11) in relevant part states:

(11) If the "verdict" is the result of a motion as provided by subrule (O)(2)(c) [a judgment entered as a result of a ruling on a motion after rejection of the case evaluation], the court may, in the interest of justice, refuse to award actual costs.

"If the trial court finds on the basis of all the facts and circumstances of a particular case and viewed in light of the purposes of MCR 2.403(O) that unusual circumstances exist, it may invoke the 'interest of justice' exception found in MCR 2.403(O)(11)." *Haliw v City of Sterling Heights*, 266 Mich App 444, 449; 702 NW2d 637 (2005). "It follows that if the exception applies, the trial court may, in the exercise of its discretion, refuse to award any costs or attorney fees, or may award something less than "actual costs", i.e., something less than taxable costs and reasonable attorney fees." *Id*.

Invocation of the "interest of justice" exception requires unusual circumstances. *Haliw*, 266 Mich App at 448. Rejection of a case evaluation award or failing to consider the possibility of losing an appeal are neither unusual nor any other basis for invoking the exception. *Haliw*, 266 Mich App at 450-451. This Court has implied that "excessive financial hardship" might possibly warrant its application. *Id*. at 450. However, *some* financial hardship is explicitly *expected*, and, indeed, is actually the entire point. *Id*. at 450-451. As discussed, the trial court did in fact consider plaintiff's financial situation. Furthermore, the court rule is discretionary, not mandatory; even if circumstances might warrant its invocation, which the circumstances presented do not, the trial court would not necessarily err by nevertheless declining to do so. The meritlessness of plaintiff's arguments, even if she had a right to make at least some of them, strongly militates against invoking MCR 2.403(O)(11), and thus there would have been no abuse of discretion in the trial court refusing had plaintiff asked the trial court to invoke it.

Defendant points out that plaintiff apparently asks *this* Court to invoke MCR 2.403(O)(11). We presume, although we expressly do *not* decide, that this Court could conceivably be at least superficially able to do so through MCR 7.216(A)(7), under which it may "enter any judgment or order or grant further or different relief as the case may require." However, we can imagine no sound reason why this Court should do so. First, any case in which that possibility might arise would likely feature a reversible abuse of discretion by the trial court in any event. More importantly, the court rule is clearly intended to be a tool reserved for use by the trial courts alone, which are in the better position to evaluate the credibility, needs, and special circumstances of the parties before them. See *McGonegal*, 46 Mich at 67. Whatever might be technically possible, it would be a misinterpretation of both MCR 2.403(O)(11) and MCR 7.216(A)(7) for this Court to invoke the "interest of justice" exception to case evaluation sanctions directly. MCR 2.403(O)(11) is not to be used by this Court, for the first time on appeal, as a means to invalidate a properly entered and never appealed judgment for case evaluation sanctions; and MCR 7.216(A)(7) is not a *carte blanche* for this Court to arbitrarily tamper with legitimate decisions or outcomes made elsewhere.

We find no error by the trial court, and indeed, we commend the trial judge for the admirable patience, decorum, and seriousness the record indicates was displayed in adjudicating this matter, whether or not plaintiff realizes it.  Affirmed.

/s/ Jane E. Markey
/s/ Joel P. Hoekstra
/s/ Amy Ronayne Krause