*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLOTTE JO WINKLE, formerly known as
CHARLOTTE JO STEARNS,

        Plaintiff-Appellant,

v

KELLY JOHN KLATT,

        Defendant-Appellee.

UNPUBLISHED
April 24, 2026
10:04 AM

No. 375759
Marquette Circuit Court
LC No. 21-059828-DC

Before: RIORDAN, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Plaintiff appeals by right the April 7, 2025 order denying her motion to change joint physical and legal custody of the child that she shares with defendant. For the reasons stated in this opinion, we find no error with the decisions or procedures of the trial court. We affirm.

## I. FACTUAL BACKGROUND

The parties were in a multiyear relationship. In 2017, they had a child together. In 2020, the relationship between the parties ended. As described by the trial court in the order giving rise to this appeal and in many other pleadings and orders in the trial court files "…this case has been extensively litigated with many parenting time motions and many alleged parenting time show cause violation hearings."

Relevant to the instant appeal, in January 2025, plaintiff sought and obtained an ex parte order granting plaintiff sole legal and physical custody and suspending defendant's parenting time. Defendant filed a written response to this motion. The trial court conducted nine hours of hearings over two separate days during February 2025 on the motion. On February 26, 2025, the court issued an order which provided as follows:

1. The January 17, 2025, Ex Parte Order is rescinded.

2. The parties are to have joint legal and physical custody of [the child] as previously ordered by the Court.

3. The Plaintiff shall return [the child] to Defendant at 4:00 p.m. on Sunday, March 2, 2025, at the parking lot of the Marquette City Police Department.

4. Plaintiff's alternating weekend parenting time shall resume on Friday, March 21, 2025, and continue in an alternating weekend pattern consistent with the previous orders entered by the Court going forward.

5. Plaintiff's Motion for Change in Custody and Parenting Time [which is the subject matter of this appeal and which was filed February 11, 2025] shall be scheduled for a threshold hearing at a later date to be coordinated by the Court.

As indicated, the present motion to change custody arose in the middle of ex parte proceedings concerning the suspension of defendant's parenting time after plaintiff alleged that the child exhibited signs of sexual abuse and had a facial injury when picked up from school by plaintiff. Plaintiff also introduced a screenshot of a video phone call between the child and defendant in which the words "I have sex" were on the screen. Defendant asserted that the screenshot of the sexualized statement allegedly made by the child was fabricated. Children's Protective Services initiated a forensic interview, during which the child made no concerning disclosures regarding defendant. It was reported, however, that the child indicated that plaintiff told her to state that defendant had hit her. Further, the child's facial injury was diagnosed as severely chapped lips. The hearings on the ex parte order also addressed the parties' disputes about how to treat the child's medical and dental issues. As set forth above, following the hearings, the court rescinded the ex parte order and reinstated joint custody.

The court did not hold a hearing on plaintiff's motion to change custody, which had been filed between the first and second hearings on the ex parte order. The court determined that no proper cause or change of circumstances warranted revisiting custody, and it declined to hold an evidentiary hearing because the sexual-abuse allegations and medical disputes had been addressed at the prior hearing. The court warned the parties that continued litigation was not in the child's best interests and that, if they were unable to resolve their contentiousness or bitterness, it might be forced to limit or suspend parenting time out of concern for her best interests.

Plaintiff now appeals.

## II. CUSTODY

Plaintiff first argues that the trial court erred when it denied her motion for a change of custody. We review the circuit court's finding regarding the existence of a proper cause or change of circumstances to determine whether its finding was against the great weight of the evidence. *Stoudemire v Thomas*, 344 Mich App 34, 42; 999 NW2d 43 (2022). "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Id*. (quotation marks and citation omitted). We review for an abuse of discretion the trial court's discretionary rulings. *Id*. An abuse of discretion occurs when the court's decision falls outside the range of reasonable outcomes. *Kern v Kern-Koskela*, 320 Mich App 212, 231; 905 NW2d 453 (2017).

A trial court may only modify a child's custody if the moving party first establishes a proper cause or a change of circumstances to warrant revisiting the custody arrangement. *Stoudemire*,

344 Mich App at 44. It is well-established that the purpose of this framework is to "erect a barrier against removal of a child from an established custodial environment and to minimize unwarranted and disruptive changes of custody orders." *Vodvarka v Grasmeyer*, 259 Mich App 499, 509; 675 NW2d 847 (2003) (quotation marks and citation omitted).

First, plaintiff argues that the trial court erred by utilizing standards that apply to an ex parte motion when deciding her motion to change custody. Reversal is warranted only when the record verifies the basis of the appellant's argument. *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 638; 997 NW2d 745 (2022). In this case, the court repeatedly acknowledged that different standards applied to ex parte proceedings and the motion to change custody. In its written opinion, the court cited proper caselaw regarding motions to change custody, and nothing in the opinion refers to the standards governing ex parte proceedings. We conclude that the record does not support plaintiff's argument.

Second, plaintiff argues that the court erred when it determined that her sexual-abuse allegations were moot and did not constitute a proper cause or change of circumstances that warranted revisiting custody. Again, the record does not support plaintiff's argument.

A proper cause to modify a child's custody exists if there are "one or more appropriate grounds that have or could have a significant effect on the child's life to the extent that a reevaluation of the child's custodial situation should be undertaken." *Vodvarka*, 259 Mich App at 511. The trial court may consider the best-interest factors when making this determination. *Id*. at 511-512. A change of circumstances warrants modifying a child's custodial environment if, "since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. Normal life changes, whether positive or negative, are not sufficient to warrant such a change. *Id*. The court may engage in a best-interest determination only after it has found that a proper cause or change of circumstances warrants changing the child's custody. *Id*. at 512.

In this case, although defendant's counsel argued that the sexual-abuse-allegation issue was moot, the court did not refer to mootness as the basis for its decision. Instead, the court indicated that, when ruling on the ex parte motion, "[t]he Court heard extensive evidence on the allegations of sexual abuse and does not find those allegations to be credible." It further found that the allegedly changed circumstances were not new. Because the question was whether circumstances had changed since the entry of the last custody order, it was proper for the court to consider that the allegations had been the subject of a previous hearing.

Regarding the parties' disagreements about how to treat the child's health issues, the court did not err when it found that this was not a changed circumstance and that no new hearing was warranted. A court does not necessarily need to conduct an evidentiary hearing to decide whether a proper cause or change of circumstances warrants revisiting custody. *Barretta v Zhitkov*, 348 Mich App 539, 556; 19 NW3d 420 (2023). A hearing is not necessary when the facts are undisputed or when, if the facts are accepted as true, they are not legally sufficient to satisfy the standard. *Vodvarka*, 259 Mich App at 509. When deciding whether it is necessary to hold an evidentiary hearing, the court must determine whether contested factual issues must be resolved for the court to make an informed decision on the motion. MCR 3.210(C)(8).

In this case, as the court noted, it very recently had held an evidentiary hearing, during which it heard extensive evidence regarding the sexual-abuse allegations and the parties' inability to agree about how to address the child's health issues. Even though plaintiff argues that not all of these issues were addressed, the record indicates that witnesses testified about the vast majority of the parties' disputes regarding the child's health. Even though one specific disagreement was new, the fact that the parties generally disagreed about how to treat the child's health issues was not.

We conclude that the court did not err when it determined that no factual issues needed to be resolved before it could make an informed threshold decision in this case. We further conclude that the court did not err when it found that no proper cause or change of circumstances warranted revisiting the child's custody. Because plaintiff did not establish that revisiting the child's custody was warranted, the court did not err by in turn failing to hold a best-interest hearing or make best-interest findings.

## III. JUDICIAL BIAS

Plaintiff also argues that the court exhibited bias through its statements and rulings. "Due process requires that an unbiased and impartial decision-maker hear and decide a case." *Kern*, 320 Mich App at 231 (quotation marks and citation omitted). The party who alleges that a judge is biased must overcome the heavy presumption in favor of judicial impartiality. *Swain v Morse*, 332 Mich App 510, 537; 957 NW2d 396 (2020). Judicial rulings form the basis for a claim of judicial bias only when those rulings show a deep-seated favoritism or antagonism toward a party. *Id*.

Plaintiff's assertion that the court prejudged the ex parte motion lacks record support, and the remainder of plaintiff's assertions concern the court's rulings at the ex parte evidentiary hearings.[1] Plaintiff has not indicated which rulings are allegedly erroneous, but judicial rulings, even if erroneous, do not support a claim of judicial bias. Our review of the record reveals no deep-seated favoritism or antagonism toward plaintiff, and we conclude that plaintiff has not overcome the heavy presumption against bias.

## IV. DUE PROCESS

Plaintiff next argues that the trial court has violated her due-process rights by prohibiting her from filing any future motions, which she alleges prejudices her rights by removing the safeguard of her access to the courts. "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Courts hesitate to chill a litigant's right to access the courts other than in cases involving frivolous proceedings. See *Mayor of the City of Lansing v Knights of the Ku Klux Klan*, 222 Mich App 637, 647; 564 NW2d 177 (1997). However, parties

---

[1] We note that the ex parte decision is not on appeal, but it seems appropriate to consider this argument in light of plaintiff's assertion that the court was prejudiced against plaintiff in general, given that her motion to change custody was filed between the two ex parte hearings.

should be aware of potential issues of law so that they may make litigation decisions with that knowledge. *Haliw v City of Sterling Hts*, 266 Mich App 444, 450; 702 NW2d 637 (2005).

"Generally, this Court considers a court's statements in context and in the context of the issues raised by the parties." *Graziano v Brater*, 342 Mich App 358, 367; 994 NW2d 521 (2022). The trial court must make its determination about a child's custody on the basis of the child's best interests. MCL 722.25(1). The court must consider whether the parties can generally cooperate and agree about important decisions affecting the child when deciding whether to award joint custody. MCL 722.26a(1)(b).

In this case, the court noted and the trial court record strongly corroborates, that the case had been extensively litigated after ruling on the custody issue, and it stated that the parties' continued litigation was not in the child's best interests. It opined that continued litigation could cause a danger to the child's mental or emotion health and warned the parties that, if they were unable to resolve their contentiousness and bitterness, it might be forced to decide that limiting or suspending parenting time was in the child's best interests. However, the court did note that, if the parties continued to disagree about the child's medical treatments, it would entertain future motions.

Evidence presented at the ex parte evidentiary hearing, particularly by the child's counselor, indicated that the child might be experiencing high levels of stress. Considered in context, the court's warning was not a threat against bringing meritorious motions. Instead, the court's statements were to assist the parties in understanding the law so that they could make informed decisions about their continuing course of litigation.

Affirmed.

/s/ Michael J. Riordan
/s/ James Robert Redford
/s/ Sima G. Patel