WILSON v ALPENA COUNTY ROAD COMMISSION

Docket No. 243357. Submitted May 20, 2004, at Petoskey. Decided July 22, 2004, at 9:00 A.M. Leave to appeal sought.

Diane and Paul Wilson brought an action in the Alpena Circuit Court against the Alpena County Road Commission, alleging negligent road maintenance in connection with injuries Diane Wilson sustained in a fall while riding a bicycle. The court, Joseph P. Swallow, J., granted summary disposition for the defendant, ruling that plaintiffs alleged a dangerous or defective road design that was outside the scope of the defendant's duty, and that a punctured tire, rather than a pothole, could have caused plaintiff Diane Wilson's injuries. The plaintiffs appealed.

The Court of Appeals *held*:

The grant of summary disposition in defendant's favor must be reversed and the case must be remanded for further proceedings because the plaintiffs did not allege defective design and because the trial court incorrectly determined that a punctured tire could have caused the plaintiff's accident.

1. The plaintiffs sufficiently pleaded a cause of action in negligence by alleging that the bicycle accident occurred on the improved portion of a highway under the defendant's jurisdiction, that the defendant had a duty to maintain the road in a reasonably safe condition, that the defendant failed to maintain the road in a reasonably safe condition, that the defendant had knowledge of the defect for more than thirty days, that the pothole created by the defendant's negligence caused the accident, and that the plaintiffs suffered harm.

2. The plaintiffs sufficiently pleaded facts and provided evidence sufficient to place their claim within the highway exception to governmental immunity. MCL 691.1402. Plaintiffs alleged that the defendant had jurisdiction over the road, that the road was in an unsafe condition, and that the defendant had knowledge of the unsafe condition for over thirty days. The plaintiffs presented evidence that the road was so deteriorated that it needed to be reconstructed and that the defendant's employees had recommended reconstruction years earlier. The defendant's argument that it was not liable because MCL 691.1402(1) did not require it

to rebuild the road is rejected. The defendant cannot escape liability by neglecting its duty to maintain a road to the point that the road is so deteriorated that it must be reconstructed and then assert that the statute does not require it to rebuild the road.

3. With regard to causation, plaintiff Diane Wilson is not under an obligation to negate all other reasonable causation theories. Instead, the plaintiff need only present substantial evidence from which a jury could conclude that the defendant's conduct more likely than not was the cause of the plaintiff's injuries. Considering the evidence in the light most favorable to the plaintiff, as the nonmoving party, her explanation for her fall is not mere conjecture. Given the condition of the road and the plaintiff's bent bicycle rim, there is sufficient evidence to create a question of fact for the jury regarding whether a pothole created by defendant's conduct caused the accident.

Reversed and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION.

The highway exception to governmental immunity imposes a duty on a governmental agency having jurisdiction over a highway to maintain the highway in reasonable repair so that it is safe and convenient for public travel; an agency may not allow a highway to deteriorate to an extent that rebuilding the road is required and then claim that rebuilding is beyond the agency's duty to maintain the highway (MCL 691.1402[1]).

*Nelson, Petruska & Hart, P.C.* (by *Eugene H. Petruska*), for the plaintiffs.

*Andrew W. Prine, P.C.* (by *Andrew W. Prine*), for the defendant.

Before: WHITBECK, C.J., and GRIFFIN and BORRELLO, JJ.

BORRELLO, J. Plaintiffs[1] appeal by right from the trial court's order granting summary disposition to defendant after it found that plaintiffs were alleging a dangerous or defective road design that was outside the

---

[1] Plaintiff Paul Wilson has a claim for loss of consortium. Because his claim is derivative in nature, any reference to the singular "plaintiff" refers solely to Diane Wilson.

scope of defendant's duty, and that a punctured tire, rather than a pothole, could have caused plaintiff's injuries. Because plaintiffs did not allege defective design and because the court made findings of fact by dismissing the case on the ground that a punctured tire rather than a pothole could have caused plaintiff Diane Wilson's bicycle accident, we reverse and remand.

Plaintiff contends that on May 31, 1996, while riding her bicycle to work and attempting to avoid potholes, she felt the front tire go into a hole, and she flew over the handlebars. Despite walking home and having her husband drive her to work after the incident, the next thing she remembered was waking up in the hospital the next day. Following the accident, she suffered debilitating migraines and passed out without warning about twice a week. Plaintiff admitted that she never saw the pothole and could not remember exactly where the accident occurred. She noticed afterward that her bicycle wheel was bent.

Plaintiffs brought suit against defendant for negligent road maintenance and loss of consortium. Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), arguing that plaintiffs could not prove actual or constructive notice of the defect and that defendant had no knowledge of the alleged defect as required by MCL 691.1403. Defendant also argued that plaintiff could not show a cause in fact for her injury because she had no personal knowledge of why she fell. Defendant additionally asserted that resealing the road was outside defendant's statutory duty to maintain and repair the road because the road was so deteriorated that it was beyond the point of salvaging. Nonetheless, defendant also admitted that it had twice patched the road within the thirty days preceding plaintiff's accident. Last, defendant maintained that it

was immune from liability pursuant to our Supreme Court's ruling in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143; 615 NW2d 702 (2000).

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A court reviewing a motion brought under MCR 2.116(C)(10) " 'must consider the available pleadings, affidavits, depositions, and other documentary evidence in a light most favorable to the nonmoving party and determine whether the moving party was entitled to judgment as a matter of law.' " *Michigan Ed Employees Mut Ins Co v Turow*, 242 Mich App 112, 114-115; 617 NW2d 725 (2000), quoting *Unisys Corp v Comm'r of Ins*, 236 Mich App 686, 689; 601 NW2d 155 (1999).

We also review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(8). *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 253; 571 NW2d 716 (1997). MCR 2.116(C)(8) tests the "legal sufficiency of the complaint" and permits dismissal of a claim where the opposing party has failed to state a claim on which relief can be granted. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999); MCR 2.116(C)(8). Only the pleadings are examined; documentary evidence is not considered. *Maiden, supra* at 119-120. Where the claim is "so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery," the motion should be granted. *Id.* at 119.

Finally, we review de novo a trial court's decision on a summary disposition motion under MCR 2.116(C)(7). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or sub-

mitted by the parties." *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). In determining whether a party is entitled to judgment as a matter of law under MCR 2.116(C)(7), a court " 'must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in plaintiff's favor.' " *Brennan v Edward D Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001), quoting *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 77; 592 NW2d 112 (1999).

To succeed on a claim of negligence, a plaintiff must prove that the defendant owed the plaintiff a duty, the defendant breached the duty, the plaintiff suffered harm, and the plaintiff's harm was caused by the defendant's negligence. *Haliw v Sterling Hts*, 464 Mich 297, 309-310; 627 NW2d 581 (2001). And where the defendant is a governmental entity, the plaintiff must allege facts that place the claim within an exception to governmental immunity. *Id.* at 302-304.

In their complaint, plaintiffs alleged that the bicycle accident occurred on the improved portion of the highway, that defendant had a duty to maintain the road in a reasonably safe condition, and that defendant breached the standard of care by creating a dangerous condition when it failed to maintain the road in a reasonably safe condition. Plaintiffs also alleged that defendant failed to take necessary measures to ensure that the road was in a reasonably safe condition and alleged that defendant had knowledge of the defect for more than thirty days, a requirement for liability pursuant to MCL 691.1403. Plaintiffs claimed that the potholes created by defendant's negligence caused the accident. Moreover, plaintiffs alleged damages, including pain and suffering, frequent loss of consciousness, loss of income, and medical expenses. Because plaintiffs

alleged a duty, a breach of that duty, causation, and damages, plaintiffs sufficiently pleaded a cause of action in negligence.

We next review plaintiffs' complaint to decide whether plaintiffs pleaded facts sufficient to bring the claim within the exception to the defense of governmental immunity found in MCL 691.1402(1). MCL 691.1402(1) states in relevant part:

> Except as otherwise provided in section 2a, each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

Plaintiffs alleged, and defendant does not deny, that plaintiff was traveling on a road under defendant's jurisdiction. Plaintiffs also alleged that the road was in an unsafe condition and that defendant knew about the unsafe condition for at least thirty days. MCL 691.1403. Regarding whether the road was reasonably safe, defendant's employees testified that the road was so deteriorated that it needed to be reconstructed in the early 1990s and that these employees recommended reconstruction and made plans to reconstruct the road around 1993. Defendant's engineering assistant testified that the road was last resealed in 1968 and that the seal's life expectancy was ten years. Thus, plaintiffs sufficiently pleaded facts and provided evidence sufficient to support their contention that their claim fell within the exception to governmental immunity. MCL 691.1402. Therefore, the trial court erred when it granted summary disposition.

In its argument supporting its request for summary disposition, defendant acknowledged that MCL 691.1402(1) imposes on it a duty to "maintain" the road, but argued that, under the plain language of the statute, it had no duty to actually rebuild the road. Defendant, recognizing that the only solution for the dilapidated road was to completely rebuild it, argued that rebuilding a road was clearly beyond regular maintenance. As such, defendant argued that it had no duty to reseal the road because to reseal it, defendant would have had to rebuild the road.[2]

We also reject the notion that because the statute does not require "rebuilding" or any specific method of maintenance, defendant can escape liability simply by allowing a road to deteriorate to a point where the only economically feasible "maintenance" is to reconstruct the entire roadway.

We disagree with defendant that our Supreme Court's holding in *Nawrocki* mandates a different result. Specifically, defendant points to the following passage from *Nawrocki*: "While a particular decision to 'improve,' 'augment,' or 'expand' a highway may be prudent and advisable, the decision nevertheless is for persons entrusted with the expenditure of taxpayer resources, not the courts." *Id.* at 179 n 35. When read in context, we interpret the statement to mean simply that the courts cannot require a specific method of repair or maintenance. But it does not follow that because the method of repair is left to the agency responsible for maintaining a road, the entity can choose to do nothing when by doing nothing, the agency

---

[2] Defendant also argued that it had no duty to correct a defective design. Plaintiffs responded, and we cannot find otherwise in the record, that they did not allege or argue defective design. Thus, defendant's argument requires no analysis by this Court.

is simultaneously violating its duty to keep the road "in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). Rather, the statute at issue confers an affirmative duty on a governmental agency having jurisdiction over a highway to maintain the highway in reasonable repair. *Id.*

In this case, defendant's employees stated that one reason the road was in poor condition was because it had not been resealed for twenty-six years. Defendant's employees testified that this type of roadway should be resealed every 6 to 7 years. Further, defendant's operations manager testified that the road needed to be reconstructed in the early 1990s, but that it may have been salvageable had it been resealed earlier. Another of defendant's employees admitted that even though defendant used another routine form of maintenance known as "cold patching," the roadway had needed resurfacing since 1993. Defendant's engineering assistant stated that because the road had fallen into such grave disrepair, the only thing that could be done at the time the accident occurred was to pulverize and reshape the roadway. Because defendant allowed the roadway to fall into such disrepair that it needed to be completely rebuilt, we find that plaintiff presented sufficient evidence that defendant breached its statutory duty to maintain a highway in reasonable repair so that it was reasonably safe and convenient for public travel. MCL 691.1402(1).

Defendants contended that plaintiffs could not satisfy the knowledge requirement of MCL 691.1403 because they could not prove that defendant knew or should have known about the pothole in the road and because plaintiff could not point to the specific pothole that allegedly caused her injury. The statute at issue states:

> No governmental agency is liable for injuries or damages caused by defective highways unless the governmental agency knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place. Knowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an ordinarily observant person for a period of 30 days or longer before the injury took place. [MCL 691.1403.]

To survive summary disposition on this point, plaintiff had to put forth sufficient evidence to give rise to a question of fact regarding defendant's actual or constructive knowledge. *Peters v Dep't of State Highways*, 400 Mich 50, 60-61; 252 NW2d 799 (1977). In *Peters*, our Supreme Court found that the plaintiff presented sufficient evidence of the defendant's constructive knowledge of a defective drainage system by offering defendant's employees' testimony that they were aware that occasional ponding occurred at the site of the accident. *Id.* at 59. The Court also found that the employees' knowledge was imputed to the state agency responsible for maintaining the highway. *Id.* at 59-60, citing *Corey v Ann Arbor*, 134 Mich 376; 96 NW 477 (1903).

The evidence put forth by plaintiffs in this case, outlined above, was sufficient to give rise to a question of fact regarding defendant's actual or constructive knowledge. Defendant's argument to the contrary is unfounded.

Plaintiffs further argue that the trial court impermissibly speculated over whether plaintiff's accident occurred when the front tire of her bicycle struck a pothole. The trial court found that plaintiffs had not sufficiently satisfied the element of causation because "neither [plaintiff], nor anyone else at the scene of her accident, recalls seeing a pothole near her fall." Thus,

reasoning that "[a] causation theory cannot be based on mere conjecture," the trial court found it just as likely that the bicycle's punctured tire—rather than a pothole —could have caused the accident. Relying on *Skinner v Square D Co*, 445 Mich 153; 516 NW2d 475 (1994), the trial court ruled that "[w]hile a plaintiff must not negate all other possible causes, it must at least negate all other reasonable causation theories." We disagree with the trial court's interpretation of *Skinner.*

Our Supreme Court's finding on the issue of causation in *Skinner* was as follows:

> While the plaintiff bears the burden of proof, the plaintiff is not required to produce evidence that positively eliminates every other potential cause. Rather, the plaintiff's evidence is sufficient if it "establishes a logical sequence of cause and effect, notwithstanding the existence of other plausible theories, although other plausible theories may also have evidentiary support." [*Skinner, supra* at 159-160, quoting *Mulholland v DEC Int'l Corp*, 432 Mich 395, 415; 443 NW2d 340 (1989).]

Our Supreme Court's ruling in *Skinner* illuminates that a plaintiff is not required to negate all other reasonable causation theories. Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred. *Skinner, supra* at 164-165. In this case, plaintiff alleged that a pothole caused her fall. Given the condition of the roadway at the time of the accident and plaintiff's bent bicycle rim, her evidence is sufficient to create a question of fact for the jury. While defendant may contend that something other than a pothole caused plaintiff's fall or that plaintiff failed to prove that a pothole caused her fall, where conflicting theories of causation are offered in a motion for summary disposition, a trial court must consider the evidence

submitted in the light most favorable to the nonmoving party. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999). Considering the evidence in the light most favorable to plaintiff here, we conclude that plaintiff's explanation of the cause of her fall is not mere conjecture. Thus, we reject the trial court's finding that dismissal was mandated simply because a punctured tire could have just as easily caused plaintiff's accident.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.