# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE CARREKER,

        Plaintiff-Appellant,

v

SETH BERRY GOLD AND ERICA TONYA
BANKS,

        Defendants-Appellees.

UNPUBLISHED
October 27, 2016

No. 328276
Oakland Circuit Court
LC No. 2014-138798-NI

Before: FORT HOOD, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition. On appeal, plaintiff argues that the trial court erred in finding that there was no genuine issue of material fact whether defendant, Seth Gold,[1] caused her injuries, and that the trial court relied on inadmissible evidence in making its decision. We reverse and remand for further proceedings consistent with this opinion.

This case arises from a motor vehicle accident that occurred on January 21, 2012. On that date, it is undisputed that defendant rear-ended plaintiff. However, defendant argues that he was not at fault, as the incident was part of a "chain reaction," and he was hit by another vehicle. The trial court agreed, granting defendant's motion on the basis that plaintiff failed to establish a question of fact whether defendant caused the accident.

We review de novo the trial court's decision on a motion for summary disposition. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). "[A] motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint[.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). Summary disposition under MCR 2.116(C)(10) is proper when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." We review the pleadings, affidavits, depositions, admissions, and other evidence submitted by the

---

[1] Defendant Erica Tonya Banks is not a party to this appeal, having settled her dispute with plaintiff prior to these proceedings. While Banks is referenced in this opinion as a witness to the events, her participation in the case is not discussed further. Thus, we refer to Gold as defendant.

parties in a light most favorable to the nonmoving party. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

To establish a prima facie claim of negligence, plaintiff must show proof that: (1) defendant owed plaintiff a duty, (2) defendant breached that duty, (3) the breach was the proximate cause of plaintiff's injury, and (4) plaintiff suffered damages. *Loweke v Ann Arbor Ceiling & Partition Co*, 489 Mich 157, 162; 809 NW2d 553 (2011). Here, the trial court held that plaintiff had failed to establish that defendants' alleged negligence was the proximate cause of plaintiff's injury.

"Proximate cause incorporates two separate elements: (1) cause in fact and (2) legal or proximate cause." *Lockridge v Oakwood Hosp*, 285 Mich App 678, 684; 777 NW2d 511 (2009).

> The cause in fact element generally requires showing that "but for" the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or "proximate cause" normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. *Craig v Oakwood Hosp*, 471 Mich 67, 86-87; 684 NW2d 296 (2004), citing *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994).

"As a matter of logic, a court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Craig*, 471 Mich at 87 (citation omitted). Here, the trial court held that plaintiff failed to establish cause in fact.

"Cause in fact requires that the harmful result would not have come about but for the negligent conduct." *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). Cause in fact may be established by circumstantial evidence, but such proof must be subject to reasonable inferences and not mere speculation. *Skinner*, 445 Mich at 164. Evidence of causation is sufficient if the jury may conclude that, more likely than not, but for the defendant's conduct the plaintiff's injuries would not have occurred, even if other plausible theories have evidentiary support. *Wilson v Alpena County Rd Comm*, 263 Mich App 141, 150; 687 NW2d 380 (2004), aff'd 474 Mich 161 (2006). "Normally, the existence of cause in fact is a question for the jury to decide, but if there is no issue of material fact, the question may be decided by the court." *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009). The defendant does not have to be the sole cause of the plaintiff's harm—there can be more than one proximate cause. *O'Neal v St John Hosp*, 487 Mich 485, 496-497; 791 NW2d 853 (2010). When a number of factors contribute to producing an injury, one actor's negligence can still be a proximate cause if it was a substantial factor in bringing about the injury. *Skinner*, 445 Mich at 165 n 8.

Here, we agree with defendant and the trial court that plaintiff cannot dispute that defendant was, at some point, rear-ended by Banks. Plaintiff herself admits that she cannot contradict this fact, and both defendant and Banks testified that Banks rear-ended defendant. However, plaintiff also testified that she witnessed defendant driving recklessly. While defendant relies on his own testimony that he came to a complete stop behind plaintiff, plaintiff testified in contrast to defendant's claim. Plaintiff stated that she witnessed defendant cross two

lanes of traffic in order to avoid slowed traffic before reaching her vehicle in the shoulder. Plaintiff testified:

> I was looking out my rearview mirror, because I was sitting against up the wall and I was already afraid they had accidents up here and I was looking back to make sure there's no accidents coming in behind me, and I seen [sic] him getting over. I was like, "I hope he don't hit me," and he ran right into the back of me.

> Because the lane—the third lane had slowed down, so when he was getting over here to the third lane, they had slowed down, so he had to get over or he was going to run into the back of somebody else.

Plaintiff also explained that: "I just happened to look in my rearview mirror and I seen [sic] traffic still going fast, and they're not realizing that traffic has slowed up front there. And the next thing I know [defendant] ran into the back of my car." While plaintiff never specifically testified how fast defendant was driving, it can be inferred from plaintiff's collective statements that defendant did not realize traffic had slowed and was travelling too fast for the conditions. Again, at the summary disposition stage, we view all evidence in a light most favorable to plaintiff. *Maiden*, 461 Mich at 120. Thus, plaintiff's testimony was sufficient to establish a question of fact whether defendant's actions contributed to the accident. Moreover, even if the evidence established that defendant's vehicle came to a stop behind plaintiff before Banks hit defendant, plaintiff's testimony minimally establishes a question of fact whether defendant left sufficient space between his and plaintiff's vehicle. See MCL 257.627. While plaintiff's testimony in this case may seem incredible based on the circumstances surrounding the accident, "courts may not resolve factual disputes or determine credibility in ruling on a summary disposition motion." *White v Taylor Distrib Co, Inc*, 275 Mich App 615, 624-625; 739 NW2d 132 (2007) (citations and internal quotation marks omitted). Accordingly, the trial court erred.

Plaintiff also asserts that defendant presented inadmissible evidence to the trial court in his motion for summary disposition. Defendant appears to concede that this evidence was indeed inadmissible. However, defendant correctly points out that the trial court did not rely on this evidence in making its decision. On remand, we caution defendant against using evidence he agrees would be inadmissible.

Defendant presents an alternate ground for affirming the trial court's order—his motion for summary disposition based on plaintiff's failure to establish a question of fact whether she suffered an injury constituting the serious impairment of a bodily injury. An appellee may argue alternative grounds for affirmance that do not enhance the decision for the appellee beyond that rendered by the trial court. *Vanslembrouck v Halperin*, 277 Mich App 558, 565; 747 NW2d 311 (2008). However, this issue was not properly preserved because it was not addressed by the trial court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). An appellate court is obligated to review only issues that are properly raised and preserved. *Mich Ed Ass'n v Secretary of State*, 280 Mich App 477, 488; 761 NW2d 234 (2008), aff'd 489 Mich 194

(2011).  Based on our review of the record, we decline to review this issue at this time as it was unpreserved.[2]

        Reversed and remanded for further proceedings consistent with this opinion.


                    /s/ Karen M. Fort Hood
                    /s/ Elizabeth L. Gleicher

---

[2] We note that, based on the evidence presented, we would be inclined to hold that factual disputes regarding defendant's alternative grounds for affirmance exist.  However, we decline to address the issue so that defendant may reassert his motion in the trial court, perhaps after further discovery has been conducted.