# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

CHANTEL ARNOLD, KIMBERLY GLOVER, TOM GIBSON, JR., SUNDI SHANTEL MORROW, KAVELL RASHID, and YOUSUF RASHID,

        Plaintiffs-Appellants,

v

EAST SIDE SOUL FOOD, INC.,

        Defendant-Appellee.

UNPUBLISHED
October 18, 2018

No. 339335
Wayne Circuit Court
LC No. 15-005829-NO

---

TONISHA FRANKLIN-ALLEN, VERDESTER BARNES, DEBORAH ALLEN, and BERNADETTE GRIFFIN-ALLEN,

        Plaintiffs-Appellants,

v

EAST SIDE SOUL FOOD, INC.,

        Defendant-Appellee.

No. 339392
Wayne Circuit Court
LC No. 15-007120-NO

---

CHANTEL ARNOLD, KIMBERLY GLOVER, TOM GIBSON, JR., SUNDI SHANTEL MORROW, KAVELL RASHID, and YOUSUF RASHID,

        Plaintiffs-Appellees,

v

EAST SIDE SOUL FOOD, INC.,

        Defendant-Appellant.

No. 339978
Wayne Circuit Court
LC No. 15-005829-NO

---

-1-

TONISHA FRANKLIN-ALLEN, VERDESTER
BARNES, DEBORAH ALLEN, and
BERNADETTE GRIFFIN-ALLEN,

       Plaintiffs-Appellees,

v                                      No.  340240
                                              Wayne Circuit Court
EAST SIDE SOUL FOOD, INC.,                LC No.  15-007120-NO

       Defendant-Appellant.

Before:  O'BRIEN, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

In Docket No. 339335, plaintiffs, Chantel Arnold ("Chantel"), Kimberly Glover ("Kimberly"), Tom Gibson, Jr. ("Tom"), Sundi Shantel Morrow ("Sundi"), Kavell Rashid ("Kavell"), and Yousuf Rashid ("Yousuf") (collectively, "Arnold plaintiffs"), appeal by right an order granting defendant, East Side Soul Food, Inc. ("defendant" or "the restaurant"), summary disposition.

In Docket No. 339392, plaintiffs, Tonisha Franklin-Allen ("Tonisha"), Verdester Barnes ("Verdester"), Deborah Allen ("Deborah"), and Bernadette Griffin-Allen ("Bernadette") (collectively, "Franklin-Allen plaintiffs"), appeal by right from the same order granting defendant summary disposition.

In Docket Nos. 339978 and 340240, defendant appeals by right an order denying defendant's request for case evaluation sanctions.

Because we conclude that plaintiffs have failed to raise a genuine issue of material fact that defendant was the cause in fact of their food poisoning, we affirm the trial court's orders granting defendant summary disposition in Docket Nos. 339335 and 339392. However, because the trial court abused its discretion in applying the "interests of justice" exception to MCR 2.403(O), we reverse the order that denied defendant's request for case evaluation sanctions and remand for further proceedings.

I.  BASIC FACTS

Plaintiffs became ill after attending a wedding reception. Most, but not all, of the food at the reception was prepared by defendant's restaurant. The owner was the groom's uncle. Defendant provided: barbecued chicken, pork rib tips, meatballs, spaghetti, macaroni and cheese, string beans, potatoes, pasta salad, and potato salad. Other family members provided a tossed salad with dressings, a wedding cake, and a dish of candy.

After reports of the illness became known, the Institute of Population Health (IPH) conducted an investigation. The IPH was unable to identify the cause of illness. The IPH's report provided an "odds-ratio" analysis based on questionnaires provided by a limited number of guests. While the IPH believed that an outbreak occurred, it could not definitely identify any direct cause such as an adulterated or contaminated food source leading to the problem.

Defendant's infectious disease expert believed that it was unlikely that defendant's food was contaminated when delivered to the reception venue. McIlroy opined that it was much more likely that either a tray of food became contaminated by way of fecal-oral transmission at the reception or that the salad, which defendant did not prepare, was the cause of the outbreak. In contrast, plaintiffs' expert opined that the pork rib tips were the likely source of disease.

The trial court granted defendant summary disposition, finding that defendant did not owe plaintiffs a legal duty beyond preparing and delivering the food. The trial court further found that plaintiffs failed to raise an issue of material fact that defendant was the proximate cause of their illnesses. The trial court declined defendant's request for case evaluation sanctions.

## II. CAUSATION

Plaintiffs argue that the trial court erred in granting defendant summary disposition on their negligence and breach of warranty claims.

"This Court reviews de novo a circuit court's decision whether to grant or deny summary disposition." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205; 815 NW2d 412 (2012). The trial court granted summary disposition pursuant to MCL 2.116(C)(10) on plaintiffs' negligence and breach of implied warranties claims:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).]

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

Assuming, without deciding, that defendant owed plaintiffs a legal duty, the trial court correctly found that plaintiffs failed to raise a genuine issue of material fact that defendant was the cause of their illnesses. "Normally, the existence of cause in fact is a question for the jury to decide, but if there is no issue of material fact, the question may be decided by the court." *Genna v Jackson*, 286 Mich App 413, 418; 781 NW2d 124 (2009).

"Proof of causation requires both cause in fact and legal, or proximate, cause." *Haliw v Sterling Hts*, 464 Mich 297, 310; 627 NW2d 581 (2001). "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Skinner v Square D Co*, 445 Mich 153, 163; 516 NW2d 475 (1994). "On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences. *Id.* "As a matter of logic, a court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004).

Cause in fact may be established by circumstantial evidence, but "[t]o be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Skinner*, 445 Mich at 163-164. "[C]ausation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying defendant's motion for summary judgment." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011), quoting *Skinner*, 445 Mich at 172–173. Evidence of causation is sufficient if the jury may conclude that, "more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Wilson v Alpena Co Rd Comm'n*, 263 Mich App 141, 150; 687 NW2d 380 (2004).

Here, a jury could not have concluded that, but for defendant's conduct, plaintiffs' injuries would not have occurred. As the trial court noted, the IPH investigation was unable to identify the cause of illness. While the IPH believed that an outbreak occurred, it could not definitely identify any direct cause such as an adulterated or contaminated food source leading to the problem. Defendant served all of the same food at its restaurant that evening and there were no reported cases of sickness. Plaintiff's expert pointed to the pork rib tips as the likely source of disease, but not all plaintiffs even ate the rib tips. In fact, plaintiffs ate a myriad of foods. Chantel ate chicken, meatballs, green beans, potato salad, pasta salad, and salad with ranch dressing. Chantel did not have any ribs nor did she have any wedding cake. Kimberly testified that she definitely ate salad with ranch dressing. There was also pasta, vegetables, and meatballs on her plate, but she didn't necessarily eat everything on her plate. She was unsure whether she had ribs, chicken, pasta salad, or potato salad. Tom remembered eating pork rib tips, chicken, green beans, macaroni and cheese, and salad with ranch dressing. Tom did not have any potato salad. Sundi was not exactly sure what foods were served that day. She was certain there was chicken, potato salad, and macaroni and cheese, which she definitely ate. There was also a tossed salad but she did not eat any of it. She did not eat ribs. Sundi was unsure if there was pasta salad or meatballs. Yousuf could not recall whether there were pork ribs or beef rib tips served, but he would not have eaten the pork ribs because he doesn't eat pork. He could not recall much of what was served, but remembered eating chicken and potato salad. Kavell remembered seeing rib tips. He definitely had chicken and pasta salad. Kavell thought he ate potato salad and meatballs. Tonisha remember eating "a piece of chicken, a piece of rib tip, a bite of meatballs." She was sure she had other items too, but did not recall each. She did not recall eating potato salad or tossed salad. Verdester ate potato salad, meatballs, and mashed potatoes. She did not know if there were pork ribs or beef rib tips. Nor did she recall a tossed salad. She also ate some wedding cake. Deborah ate the meatballs and chicken. She did not eat the potato salad or macaroni and cheese and could not recall whether there were pork ribs, beef

rib tips, or tossed salad. Bernadette could not remember when she arrived or what food was served, only that she didn't have any wedding cake.

None of the 10 plaintiffs ate any one food that can be traced to their illness. Because it involves a lot of guess-work and speculation, the trial court properly granted defendant summary disposition for plaintiffs failure to show that defendant's conduct was the cause in fact of their injuries. For this reason, the trial court properly granted summary disposition in favor of defendant on plaintiffs' negligence and breach of warranty claims.

### III. CASE EVALUATION SANCTIONS

Defendant argues that the trial court erred when it denied defendant's motion for case evaluation sanctions based on the "interests of justice" exception where there was nothing about the case to warrant such an exception.

A trial court's decision to refuse to award costs in the interests of justice is reviewed for an abuse of discretion. *Campbell v Sullins*, 257 Mich App 179, 205 n 9; 667 NW2d 887, lv den 469 Mich 971 (2003). "An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes." *Macomb Co Dep't of Human Services v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014).

"In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial" and "to shift the financial burden of trial onto the party who demands a trial by rejecting a proposed case evaluation award." *Magdich & Assoc, PC v Novi Dev Assoc LLC*, 305 Mich App 272, 276–77; 851 NW2d 585 (2014) (quotation marks omitted). MCR 2.403 provides, in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.
>
> (2) For the purpose of this rule "verdict" includes,
>
> \* \* \*
>
> (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.
>
> \* \* \*
>
> (11) If the "verdict" is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs.

"The term 'interest of justice' in MCR 2.403(O)(11) must not be too broadly applied so as to swallow the general rule of subsection 1 and must not be too narrowly construed so as to abrogate the exception." *Haliw v City of Sterling Hts*, 266 Mich App 444, 448; 702 NW2d 637

(2005). "[F]actors normally present in litigation, such as a refusal to settle being viewed as 'reasonable,' or that the rejecting party's claims are 'not frivolous,' or that disparity of economic status exists between the parties, are insufficient 'without more' to justify not imposing sanctions in the 'interest of justice.'" *Id.* Some examples where the interests of justice might allow a trial court to refuse to allow case evaluation sanctions are: (1) if the case is one of first impression; (2) if the law is unsettled and substantial damages are at issue; (3) the party is indigent and the issue merits a decision by the trier of fact; or (4) when the effect on third persons might be significant. *Id.* In short, there must be some public interest in having the matter judicially determined rather than simply settled by the litigants. *Id.*, quoting *Luidens v 63rd Dist Court,* 219 Mich App 24, 36; 555 NW2d 709 (1996). "These factors are not exclusive" and "[o]ther circumstances, including misconduct on the part of the prevailing party, may also trigger this exception." *Harbour v Corr Med Services, Inc*, 266 Mich App 452, 466; 702 NW2d 671 (2005). For example, a combination of unsettled law and "gamesmanship" as evidenced by the disparity between the verdict and the evaluation award may serve the basis for denying case evaluation sanctions in the interests of justice. *Stitt v Holland Abundant Life Fellowship (On Remand),* 243 Mich App 461; 624 NW2d 427 (2000).

Here, the trial court's order provided: "the court DENIES defendant's motion for case evaluation sanctions pursuant to MCR 2.403(O)(11) in the interest of justice. While the court found plaintiffs' claims against defendant speculative, plaintiffs did appear to suffer from food poisoning even if it was due to no fault of defendant."

The trial court abused its discretion in finding that evidence of injury formed the basis for applying the interests of justice exception. There was nothing unusual about this case that would have warranted application of the interests of justice exception. The case was not one of first impression and the law on causation is well settled. Plaintiffs were not presented as indigent until after judgment was entered against them. Third parties are not impacted and there is no public interest at stake. Plaintiffs claim that defendant's low offers to settle represented gamesmanship, but the disparity between the offers and the awards were not particularly great. The trial court sympathized with plaintiffs that they "did appear to suffer from food poisoning even if it was due to no fault of defendant" but that is not a proper cause for denying case evaluation sanctions under the interests of justice exception.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood