*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAREN SPORS,

Plaintiff-Appellant,

v

STATE OF MICHIGAN and DEPARTMENT OF NATURAL RESOURCES,

Defendants-Appellees.

UNPUBLISHED
January 20, 2022

No. 353216
Court of Claims
LC No. 2018-000142-MZ

Before: SAWYER, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted the trial court's order granting summary disposition to defendants. We affirm.

## UNDERLYING FACTS

Plaintiff was camping at Sleepy Hollow State Park on July 16, 2017. Plaintiff alleged that at approximately 3:00 a.m., she was walking back to her campsite from the bathroom along the asphalt road about two feet from the edge when she stepped in a pothole and fell, injuring herself.

## PROCEDURAL HISTORY

Plaintiff filed suit against a number of entities, including the two defendants in this appeal: State of Michigan and Department of Natural Resources (collectively, "defendants"). Defendants filed a motion for summary disposition under MCR 2.116(C)(7), alleging that plaintiff's suit was barred by the Recreational Land Use Act (RLUA). The Court of Claims denied defendants' motion, but requested that the parties brief the issue of whether plaintiff's suit was barred by governmental immunity. Pursuant to that order, defendants filed a brief which generally asserted that plaintiff's suit was barred by governmental immunity. In response, plaintiff argued that her claim fell under the highway exception to governmental immunity because the state had notice of the defect in the road before her injury occurred.

-1-

The Court of Claims granted defendants' motion for summary disposition and dismissed plaintiff's claims for failing to plead in avoidance of governmental immunity. The Court of Claims held that plaintiff had not pleaded that her injury occurred in the improved portion of a highway designed for vehicular travel, a requirement of the highway exception to governmental immunity. Plaintiff filed a motion for reconsideration and, alternatively, a motion for leave to amend her complaint. The Court of Claims denied these motions. Plaintiff now appeals.

GOVERNMENTAL IMMUNITY

Plaintiff's first claim of error is that the trial court erred when it granted summary disposition pursuant to MCR 2.116(C)(7) on the basis that plaintiff had not pleaded in avoidance of governmental immunity. We disagree.

A government is generally immune from tort liability unless the claim falls under an exception to governmental immunity. See MCL 691.1407(1). Governmental immunity from tort liability should be broadly construed. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000). One of the exceptions to governmental immunity is the "highway exception." See MCL 691.1402. Under the highway exception, a governmental agency can be liable for bodily injury that occurs because of a failure to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel. *Id*.[1] The highway exception only applies to injuries arising from a defect in the improved portion of a highway designed for vehicular travel. *Id*. Exceptions to governmental immunity should be narrowly construed. *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609, 614; 664 NW2d 165 (2003).

A party must plead in avoidance of governmental immunity. *Mack v City of Detroit*, 467 Mich 186, 203; 649 NW2d 47, 57 (2002). A party can plead in avoidance of governmental immunity by stating a claim that fits within a statutory exception to governmental immunity. *Id*.

---

[1] MCL 691.1402(1) states:

> (1) Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. The liability, procedure, and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21 of chapter IV of 1909 PA 283, MCL 224.21. Except as provided in section 2a, the duty of a governmental agency to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel. A judgment against the state based on a claim arising under this section from acts or omissions of the state transportation department is payable only from restricted funds appropriated to the state transportation department or funds provided by its insurer.

-2-

at 204. The requirement that the plaintiff bear the burden of pleading in avoidance of governmental immunity is consistent with a central purpose of governmental immunity: "to prevent a drain on the state's financial resources, by avoiding even the expense of having to contest on the merits any claim barred by governmental immunity." *Id*. at 203 n 18.

A motion for summary disposition pursuant to MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties. *Wilson v Alpena Co Rd Comm*, 263 Mich App 141, 144-145; 687 NW2d 380 (2004), aff'd 474 Mich 161 (2006) quoting *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). When determining whether a party is entitled to judgment as a matter of law under MCR 2.116(C)(7), the court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence, and construe them in the plaintiff's favor. *Id*. at 145, quoting *Brennan v Edward D. Jones & Co*, 245 Mich App 156, 157; 626 NW2d 917 (2001). A trial court's decision on a motion for summary disposition under MCR 2.116(C)(7) is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

In the instant case, plaintiff's complaint does not expressly reference the highway exception to governmental immunity. Plaintiff's complaint alleged that as she was walking back from the bathroom, she "travelled along the asphalt road about two feet from the edge" and "stepped into a pothole and fell injuring herself." Plaintiff further alleged that the pothole in which she fell "was not readily discernable with the naked eye by a person traveling on the road keeping a watchful eye for both vehicular and pedestrian traffic." Plaintiff's additional filings regarding defendants' motion for summary disposition did not address whether the road plaintiff was on when she fell was designed for vehicular traffic.

Plaintiff was required to plead in avoidance of governmental immunity "by stating a claim that fits within a statutory exception[.]" *Mack*, 467 Mich at 204. Plaintiff did not expressly plead that she was bringing her claim under the highway exception to governmental immunity. Furthermore, plaintiff did not state a claim that fit within a statutory exception to governmental immunity. See *Mack*, 467 Mich at 204. Plaintiff therefore failed to satisfy her burden of pleading in avoidance of governmental immunity by stating a claim that fit within a statutory exception because she did not plead that the defect in the roadway that caused her injury was in the portion of an improved highway that was designed for vehicular travel. Therefore, the trial court did not err when it dismissed plaintiff's claim pursuant to MCR 2.116(C)(7).

## RECREATIONAL LAND USE ACT

Defendants argue that the Court of Claims erred when it determined that the RLUA did not apply to this case because the injury took place on public land. We agree.

The RLUA limits the liability of landowners for injuries to third parties in certain situations. MCL 324.73301(1). Under MCL 324.73301(1):

> a cause of action does not arise for injuries to a person who is on the land of another without paying to the owner, tenant, or lessee of the land a valuable consideration for the purpose of fishing, hunting, trapping, camping, hiking, sightseeing,

motorcycling, snowmobiling, or any other outdoor recreational use or trail use, with or without permission, against the owner, tenant, or lessee of the land unless the injuries were caused by the gross negligence or willful and wanton misconduct of the owner, tenant, or lessee.

The Michigan Supreme Court analyzed the RLUA in *Neal v Wilkes*, 470 Mich 661; 685 NW2d 648 (2004). The Michigan Supreme Court noted that the language of the RLUA "limits its application to specified activities, but it does not limit its application to any particular type of land." *Neal*, 470 Mich at 668. The Supreme Court was critical of previous cases that found that the RLUA did not apply to certain types of land, finding that distinguishing between certain types of land for the purposes of the RLUA was akin to the courts engaging in "legislative decision-making." *Id*. at 667.

In the instant case, plaintiff conceded that the RLUA applies to public land. This is supported by the Supreme Court's holding in *Neal*. *Id*. at 668. However, plaintiff argues that she should be treated as if she paid money to defendants for use of the campsite because her sister made such a payment. If the plaintiff paid valuable consideration to the owner of the land, their negligence claim is not barred by the RLUA. MCL 324.73301(1). Plaintiff argues that because a person paid defendants for plaintiff's use of the campsite, the RLUA does not bar her claim.

This Court disagrees with plaintiff's argument. It is undisputed that plaintiff did not pay defendants for the use of the campsite. Plaintiff was on defendants' land for the purpose of camping, and did not pay the owner of the land on which her claim arose. Plaintiff has not alleged that her injury was caused by defendants' gross negligence or willful and wanton misconduct. Her claim is therefore barred by the plain language of the RLUA. It is immaterial to this analysis that another individual paid defendants to allow plaintiff to camp on its land.

The Court of Claims erred when it found that the RLUA did not apply to this case and that the RLUA did not bar plaintiff's negligence claim.

## AMENDED COMPLAINT

Plaintiff also argued that the trial court erred when it rejected her request for leave to amend her complaint. We disagree.

"This Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of discretion that resulted in injustice." *PT Today, Inc v. Comm'r of Office of Fin and Ins Servs*, 270 Mich App 110, 142; 715 NW2d 398 (2006). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). A motion to amend ordinarily should be granted in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 9; 614 NW2d 169 (2000). The trial court must specify its reasons for denying leave to amend. *PT Today, Inc*, 270 Mich App at 142. Unlike summary disposition under MCR 2.116(C)(8), (9), and

(10), the trial court is not required to allow a party leave to amend its complaint after the case has been dismissed pursuant to MCR 2.116(C)(7). MCR 2.116(I)(5).

Plaintiff's request for leave to amend her complaint was filed along with her motion for reconsideration of the trial court's order granting summary disposition. The trial court denied plaintiff's request for leave to amend because it was untimely.

The trial court did not abuse its discretion when it denied plaintiff's motion for leave to amend her complaint. The motion was not filed until the case had already been dismissed, and after the time for filing a motion for reconsideration of that dismissal had also already expired. To the extent that the trial court denied plaintiff's post-dismissal motions as untimely, and did not specifically state that the motion for leave to amend was the product of undue delay, that error was one of semantics and does not amount to an abuse of discretion resulting in an injustice.

Affirmed.

/s/ David H. Sawyer
/s/ Michael J. Riordan
/s/ James Robert Redford